

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-1-2004

# Barker v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 02-3927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Barker v. Atty Gen USA" (2004). *2004 Decisions*. Paper 293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3927
_____

SANDRA BARKER,
Petitioner

v.

John Ashcroft, Attorney General of
the United States,
Respondent
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
INS No. A23 913 939
_____

Submitted Under Third Circuit LAR
34.1(a) December 16, 2003

Before: ROTH, McKEE, and ROSENN,
Circuit Judges

(Filed 12/24/03 )

Alan M. Strauss
Law Office of Stanley H. Wallenstein
41-43 Beekman Street, 3rd Floor
New York, NY 10038

    Counsel for Petitioner

David V. Bernal
William C. Minick
Anthony C. Payne
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878 Ben Franklin Station
Washington, DC 20044

    Counsel for Respondent

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The petitioner-appellant, Sandra Barker, appeals from a final order by the Board of Immigration Appeals ("Board") denying her motion to reopen her deportation proceedings. The Board denied Barker's motion to reopen its decision, dismissing her appeal from an immigration court's order of deportation, because of her failure to depart voluntarily from this country as ordered. We affirm.

I.

Barker, a native and citizen of Jamaica, entered the United States on January 1, 1989, with a fiancée visa, with permission to remain in this country until April 14, 1989. She did not marry her fiancé and remained in the United States longer than permitted. On June 26, 1996, the Immigration and Naturalization Service (INS), the predecessor to the Bureau of Citizenship and Immigration Services, commenced deportation proceedings against her with the filing of an Order to Show Cause why she should not be deported.

Barker appeared before an immigration judge (IJ) in September 1996. She admitted the allegations contained in the Order to Show Cause. Based on the admissions, the IJ found her deportable as charged. She requested relief and protection from deportation in the form of political asylum, withholding of deportation, and suspension of deportation. In the alternative, she sought the privilege of voluntary departure.

Barker offered testimony and documentary evidence in support of her applications for relief and protection from deportation. She sought asylum and withholding of deportation based on her

claim of having been persecuted, and having a fear of persecution, in Jamaica on account of her political opinion and her family's alleged involvement with the Jamaica National Party. She sought suspension of deportation based on a claim of extreme hardship if deported from the United States.

Upon a hearing, the IJ denied Barker's application for asylum in all of its aspects. The IJ, however, granted Barker's alternative request for voluntary departure until October 4, 1997. In granting voluntary departure, the immigration judge informed Barker orally:

> I have granted you voluntary departure for a period of six months. If you do not appeal your case, or if you appeal your case and lose, then you will have to leave the United States. Okay. It may be possible to get more time beyond October 4th, but you would have to ask the Immigration Service for that not me, I have no authority to extend that time. . . . If you remain beyond the departure date without a very good excuse, for example, if you get seriously sick or injured, then there will be penalties, you'll be ordered deported back to Jamaica and you'll also lose the right to apply for certain kinds of important immigration benefits for a period of five years. I'm giving you forms in English and in Spanish, that describes those penalties and I'm also giving you a copy of the order that I'm entering today denying the asylum and withholding, and suspension and granting you voluntary departure for six months. Ms. Barker, do you have any questions?

As noted by the IJ, he provided Barker with written notice of the limitations on discretionary relief if she failed to depart voluntarily by October 4, 1997.

Written notice was provided to Barker in English and Spanish and that "[o]ral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands."

Barker appealed the IJ's decision to the Board. The Board dismissed the appeal on October 29, 2001. The Board's dismissal decision, however, "permitted [Barker] to depart from the United States voluntarily within 30 days from the [date of the Board's decision] or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, [Barker] shall be deported as provided in the Immigration Judge's order."[1]

Barker did not depart but filed a motion to reopen her deportation proceedings with the Board. The motion requested reconsideration of her eligibility for suspension of deportation in light of new evidence unavailable at the time of the IJ's decision. Barker acknowledged in the motion that her "previous period of voluntary departure has expired." The motion, therefore, alternatively requested that "the Board extend her voluntary departure until a day 30 days following adjudication of the instant Motion, including any judicial review thereof." Barker subsequently supplemented her motion, indicating that she would be seeking to adjust her immigration statute based on her recent marriage to a United States citizen. The motion, as supplemented, did not indicate that she had

---

[1] Barker never sought a judicial review of the Board's dismissal decision.

2

not received oral and written notice of the consequences for failing to voluntarily depart. Nor did she explain why she remained in the United States beyond her voluntary departure period.

The Board denied Barker's motion to reopen on two grounds. First, the Board concluded that the motion was filed untimely. Second, the Board concluded that Barker was statutorily barred, under § 240B(d) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(d), from applying for certain forms of discretionary relief, absent a showing of exceptional circumstances for failing to depart voluntarily. Specifically, the Board noted, contrary to Barker's assertion, that she may otherwise qualify for an adjustment of status "[was] not sufficient to establish exceptional circumstances," "such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances beyond the control of the alien." (Brackets omitted.) The Board noted that Barker had received both oral and written notice of the consequences of failure to depart voluntarily and she had failed to depart voluntarily as ordered. The Board therefore concluded that Barker was statutorily barred from applying for suspension of deportation and adjustment of status. This appeal followed.

## II.

This Court has appellate jurisdiction to review the Board's denial of a motion to reopen. Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir. 2002). This Court reviews the Board's denial of a motion to reopen on grounds of failure to make out a prima facie case for abuse of discretion, and the Board's findings of fact for substantial evidence. Id. at 173. Under the abuse of discretionary standard, the Board's decision is reversible only if it is "arbitrary, irrational, or contrary to law."

Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). In reviewing the Board's findings of fact under the substantial evidence standard, this Court's scope of review is narrow. Sevoian, at 171. An alien seeking judicial reversal of findings of facts by the Board must show that the evidence was "so compelling that the no reasonable factfinder could fail to find" in her favor. Elias-Zacarias v. INS, 502 U.S. 478, 483-84 (1992).

The Supreme Court has identified three independent grounds for the denial of a motion to reopen immigration proceedings: (1) the movant's failure to establish a prima facie case for the relief sought; (2) the movant's failure to introduce previously available, material evidence that justifies reopening; or (3) a determination that even if the above two requirements were met, the movant would not be entitled to the discretionary grant of relief sought. INS v. Abudu, 485 U.S. 94, 105 (1988); Sevoian, at 169-70. "Motions for reopening of immigration proceedings are disfavored. . . . This is especially true in a deportation proceeding, where, as a general matter, every delay works to the disadvantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992).

### A.

On appeal, Barker argues first that the Board erred in denying her motion to reopen because the IJ failed to provide her with proper notice of the consequences for failing to depart voluntarily.[2] Specifically,

_____

[2] Barker also argues on appeal that her motion to reopen was timely filed. The respondent-appellee, John D. Ashcroft, Attorney General of the United States, agrees with her argument in this regard, conceding that the Board erred in concluding that Barker's motion to

she argues that the IJ failed to provide the requisite oral notice to her of each of the consequences of failing to depart voluntarily, specifically the consequences of losing the benefits of suspension of deportation or adjustment of status.[3] She argues that the IJ's general warning that she would "lose the right to apply for certain kinds of important immigration benefits for a period of five years" is insufficient. In addition, she argues that the IJ's oral warning of a failure to depart

reopen was untimely filed.

[3] Section 242B(e)(2), 8 U.S.C. § 1252b(e)(2) (1994) provides:

(A) In General
Subject to subparagraph (B), any alien allowed to depart voluntarily under section 1254(e)(1) of this title or who has agreed to depart voluntarily at his own expense under section 1252(b)(1) of this title who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure or the date of unlawful reentry, respectively.

(B) Written and oral notice required
Subparagraph (A) shall not apply to an alien allowed to depart voluntarily unless, before such departure, the Attorney General has provided written notice to the alien in English and Spanish and oral notice either in the alien's native language or in another language the alien understands of the consequences under subparagraph (A) of the alien's remaining in the United States after the scheduled date of departure, other than because of exceptional circumstances.

voluntarily "without a very good excuse, for example, if you get seriously sick or injured" is insufficient explanation of the statutory requirement of "exceptional circumstances" because the judge's words were "vague." Barker argues next that the Board erred in holding that she was ineligible for filing a motion to reopen.

B.

Contrary to Barker's second argument, the Board never held in its decision denying her motion to reopen that she was ineligible for filing a motion to reopen. The Board's decision was based on her statutory ineligibility to apply for suspension of deportation or adjustment of status, absent a showing of "exceptional circumstances," for her failure to depart voluntarily as ordered. The Board concluded that she showed no statutorily defined "exceptional circumstances." Barker has not disputed this conclusion on appeal. Barker's extensive second argument is, therefore, misguided.[4]

As correctly noted by the appellee, Barker failed to raise in her previous motion to reopen that she did not receive adequate or sufficient oral notice of the consequences of failing to depart voluntarily. Her failure to raise this issue before the Board bars this Court's consideration of this claim now. Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989) (citing Campos-Guardado v. INS,

[4] Because Barker misinterprets the basis of the Board's denial of her motion to reopen, this Court will not consider another argument of hers on appeal that the Board's construction of §§ 242B(e)(2(A) of the Immigration and Nationality Act violates the Equal Protection Clause of the United States Constitution, which is based on such misinterpretation.

809 F.2d 285, 291 (5th Cir.), cert. denied, 484 U.S. 826 (1987); Florez-De Solis v. INS, 796 F.2d 330, 335 (9th Cir. 1986). This Court will not, therefore, review Barker's first argument; it was not raised before the Board.[5]

### III.

In conclusion, we emphasize that what bars the reopening of Barker's deportation proceedings is her unexcused failure to comply with the Order of Voluntary Departure. It was granted to her as a privilege in response to her request. "A grant of voluntary departure allows a deportable alien to leave the country without suffering the consequences of a formal deportation order. A deported alien is excludable from the country for five years, 8 U.S.C. § 1182(a)(17) (1982), and commits a felony if he or she ever returns without permission. 8 U.S.C. §§ 1252(f), 1326 (1982)." Cunanan v. INS, 856 F.2d 1373, 1374 n.1 (9th Cir. 1988). Unfortunately, Barker did not avail herself of the privilege of voluntary departure. The penalty for her unexcused failure may appear to be harsh in view of her recent marriage, but this Court notes that her failure to depart voluntarily has also caused INS to "[become] involved in further and more costly procedures" by expending additional resources in removing her that could have been avoided had she complied with the original order requested by herself. See Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1173 (9th Cir. 2003) (quoting Ballenilla-Gonzalez v. INS, 546 F.2d 515, 521 (2d Cir.1976)). We do not have the discretionary power to lift the statutory bar against reopening her deportation proceedings because of her failure to abide by the Order of Voluntary Departure. See Fiallo v. Bell, 430 U.S. 787, 792 (1977) (immigration legislation is "subject only to narrow judicial review"); United States v. Pollard, 326 F.3d 397, 405-406 (3d Cir. 2003).

Accordingly, the Board's decision of denying Barker's motion to reopen her deportation proceedings will be affirmed. Costs taxed against the appellant.

---

[5]We note here, however, that Barker's first argument has no merit because the record clearly shows that the IJ provided both adequate oral and written notice as statutorily required.