Richard A. BECKLES, Petitioner,

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
Respondent.

No. Civ.A. 03–CV–138.

United States District Court,
E.D. Pennsylvania.

Nov. 23, 2004.

Richard A. Beckles, Norristown, PA, Pro se.

Faithe Moore Taylor, Paul G. Shapiro, United States Attorney's Office, Philadelphia, PA, for Respondent.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Petitioner Richard A. Beckles ("Beckles") brings this petition for habeas corpus under 28 U.S.C. § 2241. Beckles is a native and citizen of Trinidad and Tobago, but lived in the United States from 1989 until he was removed from the country in March 2003. (Petition at 1; Response at 2.) Beckles was convicted of conspiring to import cocaine into the United States on October 30, 1998 and sentenced to 66 months in prison. (Petition at 2.) An Immigration Judge ordered his removal as an aggravated felon on April 24, 2001 and the Board of Immigration Appeals affirmed the order on August 23, 2001. (Response

Ex. A, B.) Beckles filed a petition for habeas corpus in the Southern District of New York in December 2002, which was later transferred to the Eastern District of Pennsylvania. (Response at 2.) On April 15, 2003, I entered an order preliminarily enjoining the United States from removing Beckles, but Beckles had been removed in March 2003.[1]

Beckles argues in his habeas petition that he is a "national" of the United States under 8 U.S.C. § 1101(a)(22) and therefore not subject to removal. He argues that he qualifies as a "national" because, though a non-citizen, he lived in the United States for a long period, has citizen relatives, and filed an application for naturalization in 1997. These facts, he asserts, demonstrate "permanent allegiance to the United States," thereby satisfying the statutory definition of a "national" provided in 8 U.S.C. § 1101(a)(22).

 As a general matter, district courts have jurisdiction to consider petitions for habeas corpus filed under 28 U.S.C. § 2241, despite apparent jurisdiction-stripping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009–546. *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). However, I must dismiss Beckles' petition for lack of jurisdiction because he failed to exhaust his administrative remedies with respect to his nationality claim, as required by 8 U.S.C. § 1252(d)(1).[2] *See Duvall v. Elwood,* 336 F.3d 228, 234 (3d Cir.2003) (holding that § 1252(d)(1) requires exhaustion as a matter of jurisdiction, even with respect to petitions for habeas corpus brought under 28 U.S.C. § 2241); *Barker v. Ashcroft,* 382 F.3d 313 (3d Cir.2003) (failure to raise issue before Board bars later court consideration of issue). Beckles failed to exhaust his administrative remedies by not raising his nationality argument during his hearing before the Immigration Judge, nor raising it in his briefs filed with the Board of Immigration Appeals.[3]

 I am conscious that I decide the exhaustion issue on a relatively sparse record, as neither party addressed it in their briefs and I have not requested supplementary briefing, given the logistical diffi-

---

1. The government agrees that this case is not moot because Beckles filed his habeas petition prior to his removal.

2. The government argues that district courts lack jurisdiction to decide nationality claims under any circumstance due to 8 U.S.C. § 1252(b)(5), which lays out a framework for review of nationality claims centered in the Courts of Appeals. Because petitioner's claim is barred due to his failure to exhaust his administrative remedies, I need not address whether § 1252(b)(5)'s application is limited to the context of petitions for review or extends to habeas petitions, despite language to the contrary in *St. Cyr,* 533 U.S. at 313–14, 121 S.Ct. 2271.

3. Furthermore, Beckles failed to file a petition for review with the Court of Appeals following the decision of the Board of Immigration appeals. This failure is perhaps understandable given the language of 8 U.S.C. § 1252(a)(2)(C), which flatly prohibits court review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense...." However, it is now clear that in the context of a petition for review, the Court of Appeals has jurisdiction to review the jurisdictional facts of whether a criminal alien is, in fact, a criminal and an alien. *Salim v. Ashcroft,* 350 F.3d 307, 308 (3d Cir.2003). Whether the failure to file a petition for review in this context is sufficient to constitute a failure to exhaust administrative remedies is a question I need not answer. Beckles' failure to raise the issue before both the Immigration Judge and the Board of Immigration Appeals bars consideration of his claim.

culties of contacting a pro se petitioner who has been removed from the country. In any event, it is quite clear that Beckles' claim would fail on the merits. After Beckles filed his petition, the Third Circuit ruled in *Salim v. Ashcroft*, 350 F.3d 307, 310 (3d Cir.2003), that for citizens of another country such as Beckles, "nothing less than citizenship will show 'permanent allegiance to the United States.' " It is undisputed that Beckles is a citizen of Trinidad and Tobago and has not attained United States citizenship. Therefore, I might well have dismissed Beckles' petition for failing to allege a violation of federal law.

**AND NOW**, this 23rd day of November 2004, upon consideration of petitioner Richard A. Beckles' petition for writ of habeas corpus, it is hereby **ORDERED** that the petition is **DISMISSED**.