**Augustine AGYEMANG–TUFFOUR, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–3210.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Nov. 16, 2004.

Decided Dec. 1, 2004.

Randall L. Johnson, Randall L. Johnson, Johnson & Associates, Arlington, VA, for Petitioner.

Linda S. Wernery, John M. McAdams, Jr., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before ROTH, SMITH and WEIS, Circuit Judges.

### OPINION

WEIS, Circuit Judge.

Petitioner Tuffour entered the United States from Ghana in 1993 as a visitor, but overstayed his authorization. In 1993, he applied for asylum. An IJ denied the request in 1998, finding that petitioner was not credible and that, in view of the changed conditions in Ghana, it was unlikely that he would be persecuted if he returned to that country. The IJ found that

petitioner had lied to the Court and he was ordered to be deported.

The BIA affirmed on April 15, 2003, citing instances of the petitioner's lack of credibility. The BIA also denied a claim for an adjustment of status filed on July 8, 2002 based on the petitioner's alleged marriage to an American citizen. The BIA noted that petitioner had not submitted a valid marriage license or other documentation. The BIA also stated that petitioner had not pursued an adjustment of status during this deportation hearing because he was living apart from his wife, Margaret Amoah, at that time.

On November 28, 2003, the BIA denied the petitioner's motion to reopen based on allegations that he had a new wife. The BIA cited the lack of supporting documentation and that petitioner had failed to present "evidence as to the *bona fides* of his present marriage."

On December 22, 2003, petitioner filed a motion to reconsider, attaching evidence of his marriage to Carruta Biama. This motion was denied by the BIA on February 3, 2004. In its opinion, the BIA conceded that a motion to "reopen for adjustment of status based on a marriage entered into after the commencement of proceedings may be granted in the exercise of discretion if, *inter alia*, the applicant presents clear and convincing evidence indicating a strong likelihood that the marriage is *bona fide.*" Moreover, noting that petitioner had previously filed a motion for adjustment of status, the BIA held that the current motion was barred by 8 C.F.R. § 1003.2(c)(2) which allows only one such motion.

Our review of the record persuades us that there is adequate evidence to support the denial of asylum and withholding of deportation. Similarly, the record supports the BIA's finding of the lack of credibility with respect to the petitioner's alleged persecution in Ghana.

Petitioner has also filed a motion in this Court to remand the case to the BIA on the ground that he now has an approved petition as a result of an in-person interview with his wife at the Baltimore office of the Bureau of Citizenship Services on February 4, 2004. He contends that "[b]ecause the Board did not address the Petitioner's petition to remand based on this additional information, the case should be remanded to give the Board of Immigration appeals the opportunity to re-adjudicate the Petitioner's case."

Essentially, Petitioner seeks to have the BIA reopen or reconsider its earlier decision based on this new information. We have jurisdiction to consider appeals of BIA decisions involving reopening or reconsideration. *See, e.g., Barker v. Ashcroft,* 382 F.3d 313, 315 (3d Cir.2003).

Petitioner filed his original motion to remand to seek adjustment of status on July 8, 2002. However, he failed to include the evidence necessary to demonstrate his bona fide marriage to Carruta Biama, such as a marriage certificate and the documentation proving that they had divorced their previous spouses. All of these documents were available at that time.

Petitioner's July 14, 2003 motion to reopen could have been denied on this basis. 8 C.F.R. § 1003.2(c)(1) provides that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."

Furthermore, even if we were to ignore this fundamental flaw, we would deny Petitioner's motion to remand under *Bhiski v. Ashcroft,* 373 F.3d 363 (2004). In *Bhiski,* we explained that:

A motion to reopen for adjustment of status based on a marriage entered into after the commencement of proceedings

may be granted where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar*, 21 I. & N. Dec. 541 (BIA 1996), or any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the [alien's] marriage is bona fide; and (5) *the Service either does not oppose the motion or bases its opposition solely on Matter of Arthur* ...

*Bhiski*, 373 F.3d at 371 (quoting *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002).

In this case, the Service opposed the motion to reopen based on *Matter of Arthur*, 20 I. & N. Dec. 475 (BIA 1992)(unadjudicated I–130 petition) *and* on other grounds—it argued that Petitioner failed to prove that previous marriages had been terminated by clear and convincing evidence.

The Petition for Review will be denied.