

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# Kagdina v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kagdina v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3402

ELENA KAGDINA,
                              Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
                              Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.   A73-176-150)

Submitted Under Third Circuit LAR 34.1(a)
on September 23, 2005

(Filed:  April 20, 2006)

BEFORE:  ROTH, MCKEE and FISHER, <u>Circuit Judges</u>

OPINION

    *Attorney General Alberto Gonzales has been substituted for former Attorney
General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App.P.
43(c).

**ROTH,** Circuit Judge

Elena Kagdina seeks judicial review of the July 23, 2004 order of the Board of Immigration Appeals (BIA) denying her second motion to reopen deportation proceedings. We will deny her petition.

## I.  Factual Background and Procedural History

Kagdina, a citizen of Ukraine, arrived in the United States on May 30, 1993 and filed an application for asylum. An order to show cause was issued, charging Kagdina with having remained longer than permitted by her nonimmigrant visa in violation of former INA § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B) (1996). On March 10, 1997, the Immigration Judge (IJ) denied the application for asylum, finding Kagdina deportable as charged because she had not met her burden of proof in establishing eligibility for asylum or withholding of deportation. Kagdina was granted voluntary departure.

Kagdina made a timely appeal to the BIA, however, on May 26, 1998, the BIA dismissed her appeal. After retaining a new attorney, Kagdina filed a motion to reopen on June 26, 1998, pursuant to 8 C.F.R. § 1003.2 (2005), claiming that changed country conditions existed that supported reopening her case. The basis of this motion was evidence of new material changes that were not available during her proceedings before the IJ. Kagdina also claimed that her former counsel provided her with ineffective assistance by failing to cite legal precedent in an appellate brief. The BIA denied the motion on July 25, 2002, finding that Kagdina failed to raise arguments that had not previously been presented on appeal, failed to show material and previously unavailable

2

evidence, and failed to support her claim of ineffective assistance of counsel.[1]

After retaining a third attorney, Kagdina filed a second motion to reopen on May 13, 2004, requesting the BIA reopen her case based on extraordinary circumstances - ineffective assistance by both of her former attorneys. On July 23, 2004, the BIA denied Kagdina's second motion to reopen based on the statutory numerical bar under 8 C.F.R. § 1003.2(c)(2), limiting the appellant to a single motion to reopen.[2]

On appeal, Kagdina argues that the BIA abused its discretion in denying her second motion to reopen based on numerical limitations because the BIA failed to interpret 8 C.F.R. § 1003.2(b)(4) as providing an exception to this numerical limitation on the basis of ineffective assistance of counsel.[3]

## II. Jurisdiction and Standards of Review

We have jurisdiction to review the BIA's denial of Kagdina's second motion to reopen under the transitional rules of the Illegal Immigration Reform and Immigrant

---

[1] The BIA found that Kagdina's failure to attach an affidavit detailing her agreement with former counsel and failure to show that former counsel was notified of the complaint or given an opportunity to respond, amounted to a failure to comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

[2] On August 20, 2004, Kagdina filed a motion with the BIA to reconsider its July 23, 2004, decision and, on October 15, 2004, the BIA denied that motion. Because Kagdina does not seek review of the October 15, 2004, denial of her motion for reconsideration, review is limited to the July 23, 2004, denial of the motion to reopen. See Stone v. INS, 514 U.S. 386 (1995).

[3] The BIA can use its discretionary powers under § 1003.2(a) to *sua sponte* reopen a matter and this "authority is committed to its unfettered discretion." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003). However, if the BIA chooses not to do so, that decision is "not subject to judicial review." Id.

3

Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-626 § 309 (Sept. 30, 1996) (applying to aliens whose deportation proceedings began prior to April 1, 1997, and whose final orders of deportation were issued after October 30, 1996). The petition for review was timely filed on August 20, 2004, within thirty days of the final administrative order from which she seeks review. IIRIRA § 309(c)(4)(D).

We review the BIA's second denial of a motion to reopen[4] for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have [it] afford." Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3rd Cir. 2001) (citing INS v. Abudu, 485 U.S. 94, 110 (1988)). Under this standard, the BIA's denial will be upheld unless that decision was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3rd Cir. 1994); Marroquin-Manriquez v. INS, 699 F.2d 129, 133 (3rd Cir. 1983).

Denial of a motion to reopen falls within the discretion of the BIA. 8 C.F.R. § 1003.2(a) (The BIA has "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); See Lu v. Ashcroft, 259 F.3d 127, 131 (3rd Cir. 2001). A claim for ineffective assistance of counsel, if properly established, can constitute proper grounds for reopening a deportation proceeding. Lu, 259 F.3d at 132. In Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), the BIA established a three-step

---

[4]The only order currently subject to our review is the order denying Kagdina's second motion to reopen. See IIRIRA § 309(c)(4)(D) ("the petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation"). Thus, we cannot consider her argument that the BIA wrongly denied her first motion to reopen.

procedure for establishing "egregious" ineffective assistance that would justify reopening.[5] Applying this procedure to support an ineffective assistance claim is not an abuse of discretion. Lu, 259 F.3d at 131, 133.

Furthermore, an alien "may only file one motion to reopen deportation or exclusion proceedings." 8 C.F.R. § 1003.2(c)(2). This numerical limitation does not apply (1) to "[an] order entered in absentia in deportation proceedings... [i]f the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien" Id. at (c)(3)(i); 8 C.F.R. § 1003.23 (b)(4)(iii)(A)(1), or (2) if there are "changed circumstances arising in the country of nationality... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2 (c)(3)(ii). As this Court has recognized, motions to reopen implicate finality concerns, Shardar v. Ashcroft, 382 F.3d 318, 324-25 (3d Cir. 2004), and are disfavored. This is especially true "'in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir. 2003) (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)).

---

[5] Under the Lozada procedure for establishing ineffective assistance of counsel, the alien must (1) provide an affidavit attesting to the relevant facts regarding the detailed agreement entered into with former counsel, (2) inform former counsel of allegations and allow the opportunity to respond prior to presenting those allegations to the BIA, and (3) provide evidence that a complaint has been filed with the appropriate disciplinary authorities regarding the allegedly ineffective representation, and if not, the reason therefor. Lozada, 19 I. & N. Dec. at 638.

5

## III. Discussion

We will affirm the decision of the BIA denying the second motion to reopen because the BIA did not abuse its discretion.

First, applying <u>Lozada</u>'s three-step procedure to determine the sufficiency of Kagdina's claim of ineffective counsel is not an abuse of discretion. <u>Lu</u>, 259 F.3d at 131, 133. As with her first motion to reopen, Kagdina asserted a claim of ineffective assistance of counsel. The BIA determined that Kagdina again did not properly establish ineffective assistance under <u>Lozada</u>'s three-step procedure to justify a reopening of the matter because Kagdina (1) failed to submit an affidavit detailing her agreement with former counsel and (2) failed to show that former counsel had been notified of the complaint and given an opportunity to respond.

Second, the BIA did not abuse its discretion by applying the statutory numerical limitation permitting only one motion to reopen. Exceptions to this numerical limitation under 8 C.F.R. § 1003.2 do not apply in Kagdina's factual situation. The BIA's order was not ordered in absentia, nor did Kagdina claim the existence of material changed circumstances in the Ukraine.

## IV. Conclusion

For the reasons stated above, we find no basis to conclude that the BIA abused its discretion in denying Kagdina's second motion to reopen. Accordingly, we will deny the petition for review.