

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2837

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Zheng v. Atty Gen USA" (2007). *2007 Decisions.* Paper 246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2837
_____

LI CHENG ZHENG,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79-424-663)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2007

Before: SLOVITER, CHAGARES, and HARDIMAN, Circuit Judges.

_____

(Filed: November 8, 2007)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Petitioner Li Cheng Zheng, a Chinese citizen, challenges the denial of his motion to reopen/reconsider by the Board of Immigration Appeals (BIA) on April 27, 2006, on the grounds that the BIA committed legal error and abused its discretion. Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture on the basis of past persecution in China due to the government's coercive population control practices and his fear of future persecution upon his return to China due to his illegal departure. The Immigration Judge (IJ) denied petitioner's claims, and the BIA affirmed, dismissing petitioner's appeal. Petitioner then filed a motion to reopen/reconsider, which the BIA denied on the ground that it was filed out of time. Because the BIA did not abuse its discretion in denying petitioner's motion, we will deny the petition for review.

I.

As we write only for the parties, we do not set out the facts in great detail. Zheng arrived in the United States in October 2001 in Miami, Florida without a valid entry document. He paid a smuggler to bring him to the United States. At his hearing before the IJ, Zheng claimed that he and his wife, who still lives in China with their son, had violated China's population control policies by attempting to have additional children after the birth of their son in July 1998. Zheng explained that the government required that his wife have an intra-uterine device (IUD) inserted after she gave birth to their son. The government also required IUD check up appointments several times each year.

2

Zheng testified that his wife went to two or three check ups and then became pregnant, after asking a private doctor to remove the IUD. According to Zheng, his wife went into hiding during the pregnancy. The government, however, found her at his older sister's house and forced her to undergo an abortion. After the abortion, his wife was forced to have another IUD inserted, but she removed it and became pregnant again. This time, she went into hiding at her mother's house. When she missed her IUD check up appointment, government officials started looking for her and found her. She was forced to have another abortion and again required to insert an IUD.

According to Zheng, if he returned to China, "the Government [would] have me taken in because they're afraid I might have children in the future." Appendix (App.) 94. Zheng also testified that he would be fined and jailed for leaving the country illegally. He stated that "[u]pon my return perhaps they would take my wife in for sterilization." App. 95. On April 14, 2004, the IJ denied Zheng's application, finding that he had "failed to establish credibility." App. Addendum (Add.) 24. The BIA affirmed the IJ's decision on October 25, 2005.

On March 15, 2006, Zheng served a motion to reopen the BIA decision, which the BIA received on March 27, 2006. On April 27, 2006, the BIA issued a decision, denying the motion to reopen because it was filed two months late. The BIA explained that the changed country conditions Zheng raised as a substantive reason for the motion were not material to Zheng's claims. Alternatively, reviewing the motion as one to reconsider, the Board rejected it as out of time, as well. This appeal followed.

3

II.

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252. Venue is proper in this Court because the proceedings before the IJ were completed in Newark, New Jersey. 8 U.S.C. § 1252(b)(2).

This Court reviews denials of motions to reopen and motions to reconsider under an abuse of discretion standard. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We must, therefore, uphold the BIA's decision to deny a motion to reconsider or reopen unless the decision is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted). The BIA's factual conclusions related to the motion are reviewed for substantial evidence. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). A petitioner who seeks reversal of the BIA's findings of fact must "show that the evidence was so compelling that no reasonable factfinder could fail to find in her favor." Barker v. Ashcroft, 382 F.3d 313, 316 (3d Cir. 2003) (quotation marks omitted). Motions to reopen raise "important finality concerns" and are generally disfavored. Shardar v. Ashcroft, 382 F.3d 318, 324-25 (3d Cir. 2004) (quotation marks omitted); Barker, 382 F.3d at 316.

We review legal decisions of the BIA *de novo*, but afford deference to the BIA's reasonable interpretation of statutes which it is charged with administering. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006). The BIA's determinations regarding the likelihood of future persecution or torture are reviewed for substantial evidence. See

4

Wang v. Ashcroft, 368 F.3d 347, 349-50 (3d Cir. 2004); Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).  Under this standard, "the BIA's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it."  Abdille, 242 F.3d at 483-84.

### III.

Motions to reopen must be filed within ninety days of the BIA's decision.  8 C.F.R. § 1003.2(c)(2).  The BIA entered its decision on October 25, 2005 and the motion to reopen was due on or before January 23, 2006.  Zheng's motion, dated March 15, 2006, was received on March 27, 2006 – five months after the BIA decision and two months out of time.  In its decision denying the motion, the Board explained that under 8 C.F.R. § 1003.2(c)(3)(ii), a motion to reopen filed after 90 days could be considered if Zheng had offered evidence of changed country conditions material to his case.  Because the BIA found that the alleged changed country conditions submitted by Zheng were not material to his claims, it did not extend the time for filing the motion.

In addition, motions to reconsider a decision of the BIA must be filed within 30 days of the date of the decision.  8 C.F.R. § 1003.2(b)(2).  The BIA determined that in this case, a motion to reconsider would have been due on or before November 24, 2005.  The BIA did not, however, receive the motion until March 27, 2006 – four months later.

Rather than challenging the BIA's decision to reject the motion to reopen/reconsider, Zheng's appeal focuses primarily on the merits of the underlying case.  The BIA's decision on the merits, affirming the Immigration Judge's denial of asylum,

5

withholding of removal, and relief under the Torture Convention is, however, not currently before this Court. Zheng has not filed a petition for review of the final order of deportation, and any such petition would be untimely. A petition for review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. I.N.S., 514 U.S. 386, 405 (1995). Moreover, even timely filing of a motion to reconsider does not toll the time to petition for judicial review and does not render the underlying order non-final; a separate timely petition is necessary to appeal the underlying order. Id. at 395-406; see also Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (explaining that filing a motion to reopen or a motion to reconsider does not suspend the time for filing a petition for review of the underlying order).

The petition for review submitted to this Court on May 25, 2006 expressly states: "Petitioner seeks review of the Board of Immigration Appeals' decision dated on April 27, 2006, denying Petitioner's Motion to Reopen/Reconsider." App. Add. 3. We lack jurisdiction to reach Zheng's challenges to the underlying deportation order denying his applications for relief from removal. Our analysis must therefore be limited to the timeliness of the motion to reopen/reconsider.

The BIA did not abuse its discretion in denying Zheng's motion as untimely. In his motion, Zheng primarily discussed the merits of his case; only in the last paragraph did he point to the Country Report for Human Rights Practices for China for 2005, which

6

concluded that China still practiced coercive population control policies, including forced sterilizations and abortions. The BIA correctly determined that Zheng had failed to highlight any changed circumstances in China that were material to his claims for asylum, withholding of removal, and protection under the Convention Against Torture. The excerpt from the country report cited by Zheng did not indicate any significant change in the country conditions from the date of the IJ's decision in April 2004. The motion to reopen/reconsider was untimely, and Zheng did not show the changed circumstances necessary for the BIA to apply the exception to the 90 day filing deadline under 8 C.F.R. § 1003.2(c)(3)(ii). The BIA also correctly determined that treated as a motion to reconsider, Zheng's motion was out of time.

IV.

For the foregoing reasons, we will deny the petition for review of the BIA's decision denying Zheng's Motion to Reopen/Reconsider.