

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2008

# Vega v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vega v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3560
_____

SHIRLENE VEGA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Review of a Decision of the Board of Immigration Appeals
Agency No. A95-101-005
Immigration Judge: Daniel Meisner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 3, 2008

Before: FUENTES, JORDAN, <u>Circuit Judges</u>, and DUBOIS,[*] <u>District Judge</u>.

(Opinion Filed: January 18, 2008)

_____

[*] Honorable Jan E. DuBois, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>:

Shirlene Vega petitions for review of the denial of her motion to reopen her deportation proceedings. For the reasons that follow, we will deny the petition.[1]

## I. Factual History

Shirlene Vega, a native and citizen of Colombia, was placed in immigration proceedings after she overstayed her student visa. On October 13, 2005, an immigration judge ("IJ") granted Shirlene Vega's application for voluntary departure to Colombia. However, on October 23, ten days after the IJ's Order, Vega married her third and current husband, Roven Gomez, a United States citizen. According to the record, this marriage followed on the heels of her previous marriages, which ended September 26, 2005, and March 17, 2005. (App. 226.) Thereafter, on November 29, Vega filed a motion to reopen her deportation proceedings. In her motion to reopen, she indicated that Gomez had filed a Form I-130 on her behalf, which is a two-page "Petition for Alien Relative" that includes basic information about the relationship between the citizen and alien, such as their address, dates of birth, and date of marriage. (App. 226-27.) Vega stated in her motion that she was seeking to adjust her status to that of a lawful permanent resident

---

[1] The BIA had jurisdiction over her motion pursuant to 8 C.F.R. § 1003.2. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

based on her recent marriage, citing to section 245 of the Immigration and Nationality Act, which permits the Attorney General to adjust an alien's immigration status to that of an alien lawfully admitted for permanent residence if certain requirements are satisfied. See 8 U.S.C. § 1255(a), (e).  Along with her motion, Vega submitted three supporting documents: (1) her marriage certificate, (2) the Form I-130, and (3) a receipt notice, Form I-797C, indicating that the Department of Homeland Security had received the Form I-130 and Form I-495 ("Application to Register Permanent Residence or to Adjust Status") from Gomez on her behalf.

The IJ denied Vega's motion to reopen, finding that she did not present clear and convincing evidence indicating a strong likelihood that her marriage was bona fide, as required under Matter of Valarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002).  The motion presented no evidence, nor apparently offered to present any evidence, as to the legitimacy of her marriage to Gomez.

Vega appealed this decision and included a new exhibit, which she stated "is further documentation in support of this appeal providing clear and convincing evidence of a bona fide marriage."  (App. 10.)  The Board of Immigration Appeals ("BIA") declined to consider the exhibit and affirmed the IJ's decision, agreeing that there was not clear and convincing evidence that the marriage was bona fide.  Vega now petitions for review of these rulings.

## II.  Standard of Review

The granting of a motion to reopen is a discretionary decision.  Guo v. Ashcroft,

386 F.3d 556, 562 (3d Cir. 2004).  As with other discretionary decisions of the BIA, we review the denial of a motion to reopen immigration proceedings for abuse of discretion, upholding the denial unless it is arbitrary, irrational, or contrary to law.  Id.

### III.  Discussion

Vega makes three arguments in her petition for review.  First, she argues that the evidence submitted to the IJ adequately proved that her marriage was bona fide.  Under Matter of Valerde-Pacheco, one requirement for a successful motion to reopen based on a pending visa petition following a recent marriage is that "the motion presents clear and convincing evidence indicating a strong likelihood that the [alien's] marriage is bona fide."  23 I. & N. Dec. at 256; see also Bhiski v. Ashcroft, 373 F.3d 363, 371-72 (3d Cir. 2004) (examining Matter of Valerde-Pacheco).  The IJ found, and the BIA agreed, that none of the three documents submitted by Vega satisfied this requirement.  We conclude that this determination was not an abuse of discretion.

Matter of Valerde-Pacheco recognizes that while many marriages following the initiation of deportation proceedings are legitimate, others are intended to evade immigration regulations.  Accordingly, it requires evidence that the alien's marriage is bona fide.  If merely submitting a marriage certificate, a Form I-130 recounting basic personal information, and a Form I-797C indicating the government's receipt of both the Form I-130 and Form I-495 were sufficient to prove a bona fide marriage, Matter of Valerde-Pacheco would be rendered meaningless.

Second, Vega challenges the BIA's refusal to consider the additional evidence

offered on appeal. The BIA noted, correctly, that its "review on appeal is of the [IJ's] decision on the motion as it was filed with the [IJ]." (App. 3.) The regulations prohibit the BIA from engaging in its own independent fact-finding. See § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the [BIA] will not engage in factfinding in the course of deciding appeals. A party asserting that the [BIA] cannot properly resolve an appeal without further factfinding must file a motion for remand."). The BIA did not abuse its discretion by refusing to consider the new evidence.

Finally, Vega argues that the BIA erred by not remanding the case to the IJ to consider the new evidence.[2] The BIA ruled that to remand would be to permit a second motion to reopen, which is prohibited by the governing law and regulations. See 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings under this section . . . ."); 8 C.F.R. § 1003.2(c)(2) ("[A] party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration

_____

[2]In her brief before this Court, Vega asserts that the documents submitted to the BIA—including, among other documents, pictures of the October 2005 wedding; affidavits that the couple began dating in June 2005; and a lease dated October 25, 2005—were unavailable on November 29, 2005, when Vega filed her initial motion to reopen. However, Vega did not argue, or in any way indicate, to the BIA the fact that the documents were not available when she filed her motion before the IJ. Rather, Vega's appeal to the BIA stated that the new evidence was merely "further documentation in support of this appeal." (App. 10.) We are barred from considering this argument for the first time in this petition for review. See Barker v. Ashcroft, 382 F.3d 313, 317 (3d Cir. 2003). We decline to decide whether a remand would be permitted under the governing law if this argument had been preserved.

Judge) . . . .").  Under the circumstances of this case, we agree that a remand to consider additional evidence would have been equivalent to a second motion to reopen, which is prohibited by the governing law.  Therefore, we conclude that the BIA did not abuse its discretion.

For the foregoing reasons, we will deny the petition for review.

———————————