**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4448
_____

MILVIA MARITZA CUELLAR DE MARROQUIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A073-127-873)
Immigration Judge: Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 10, 2012

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: October 11, 2012)
_____

OPINION
_____

PER CURIAM

    Milvia Maritza Cuellar de Marroquin ("Cuellar") petitions for review of the Board

of Immigration Appeals' final order of removal.  For the reasons that follow, we will

deny the petition for review.

Cuellar, a native and citizen of Guatemala, entered the United States without inspection on or about May 4, 1994 near Douglas, Arizona. She was placed in deportation proceedings pursuant to an Order To Show Cause, which charged that she was deportable for her unlawful entry. Cuellar submitted an application for asylum and withholding of removal, but, on May 8, 1995, she withdrew the application. The Immigration Judge then granted her voluntary departure until May 8, 1996, and ordered her deportation to Guatemala in the alternative. Cuellar waived an appeal of the Immigration Judge's May 8, 1995 decision.

Cuellar did not depart the United States by May 8, 1996, and, on May 9, 1996, a Warrant of Removal/Deportation was issued against her. Meanwhile, Cuellar's husband, Luis Marroquin, a lawful permanent resident, filed a visa petition on her behalf, which was approved on October 18, 1995. On October 1, 1996, daughter Kimberly was born to the couple in New Jersey.

Over four years later, on February 16, 2001, Cuellar filed an Application for Waiver of Grounds of Excludability (Form I-601) and an Application for Permission to Reapply for Admission After Deportation or Removal (Form I-212), 8 U.S.C. § 1182(a)(9)(A). Cuellar gave birth to the couple's daughter Jamie on September 7, 2001. On August 10, 2002, District Director Andrea J. Quarantillo denied the applications for waiver and permission to reapply for admission, concluding that Cuellar's disregard of U.S. immigration laws outweighed the hardship to her family that would result from her deportation. Cuellar appealed, but on January 30, 2008, the Administrative Appeals Office ("AAO") dismissed her appeal. The AAO, noting that Cuellar was inadmissible

2

under 8 U.S.C. § 1182(a)(9)(A)(ii)(I) (2010) (alien ordered removed and who seeks admission within 10 years of the date of such alien's removal is inadmissible), found that her family ties to a lawful permanent resident and United States citizens (her husband and children), the general hardship they would experience if she was deported, the fact that she had no criminal record, and her approved visa petition, all weighed in favor of granting her relief from deportation. But the unfavorable factors – her initial entry without inspection, her failure to abide by an order of deportation, and periods of unauthorized presence in the United States – could not be condoned, and a favorable exercise of discretion was not warranted in her case.

On August 27, 2009, Cuellar turned to the Immigration Court and filed a motion to reopen deportation proceedings. A new Immigration Judge was assigned to her case. Cuellar asserted that exceptional circumstances beyond her control had prevented her from complying with the voluntary departure order in 1996, and that she now was prima facie eligible to adjust her status. Cuellar explained in her motion to reopen that she did not depart the United States by May 8, 1996 because she was pregnant and receiving quality prenatal care through her husband's health insurance plan. She was concerned that she would not be able to get adequate prenatal care in Guatemala, since there is no free access to health care there. Cuellar provided documentation with respect to Guatemala's substandard health care system. The Department of Homeland Security did not respond to the motion to reopen.

On November 6, 2009, the Immigration Judge denied the motion to reopen as untimely filed under 8 C.F.R. § 1003.23(b)(1) (providing that motion to reopen be filed

3

within 90 days of entry of final order of removal or by September 30, 1996). No joint motion had been filed and Cuellar did not raise a claim for asylum or withholding of removal, see id. at § 1003.23(b)(4)(i) and (iv), so no exceptions to the timeliness requirement applied to her case. The IJ rejected Cuellar's exceptional circumstances argument. Noting that only exceptional circumstances beyond the control of an alien would excuse the failure to depart voluntarily, 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996); that an alien who had remained in the United States beyond the voluntary departure period could not apply for adjustment of status for a period of five years absent a showing of exceptional circumstances for failing to depart; and that the term "exceptional circumstances" includes serious illness of the alien or death of an immediate relative of the alien but does not include less compelling circumstances beyond the control of the alien, see id. at § 1252b(f)(2), the IJ reasoned that Cuellar had not shown compelling circumstances beyond her control. The IJ noted that Cuellar did not allege that she suffered from any illness or complications during her pregnancy, she did not allege that her child suffered from any prenatal complications, and she did not claim that she had experienced any prenatal or postnatal complications following the birth of her first child in Guatemala.[1] The IJ also concluded that Cuellar was not eligible for adjustment of status because her application for readmission to the United States had been denied by the District Director.

---

[1] The couple's first child was born in Guatemala on April 9, 1993 and still resides there. The couple send money to the person who is raising this child in Guatemala.

Cuellar appealed to the Board of Immigration Appeals, contending that her deportation proceedings should be reopened in order for her to pursue adjustment of status, because her failure to depart by May 8, 1996 was due to exceptional circumstances beyond her control, that is her pregnancy and need for prenatal care. Moreover, since more than five years had elapsed since the departure order, she was no longer disqualified from applying for adjustment of status, A.R. 15. In essence, Cuellar argued that, although she was advised that she would face a disqualification for a period of years if she did not depart, she was also advised that there would be no consequences if that failure was due to exceptional circumstances, see id. at 17.

On November 14, 2011, the Board dismissed the appeal. The Board concluded that the record established that the original Immigration Judge's voluntary departure order provided Cuellar with the correct written warnings concerning the five-year adjustment of status disqualification, citing page 2 of the order. The Board next concluded that Cuellar's motion to reopen was not timely filed because the motion was due no later than September 30, 1996, but it was not filed until August 27, 2009. Moreover, no regulatory exceptions to the filing deadline applied, and a motion to reopen in order to apply for adjustment of status does not fall within any of the statutory or regulatory exceptions to the filing deadline. Because Cuellar's motion to reopen was untimely filed, the Board found it unnecessary to address the IJ's additional conclusions that Cuellar was barred in any event from adjustment of status under 8 U.S.C. § 1182(a)(9), and that her pregnancy and desire for prenatal care did not establish exceptional circumstances for her failure to depart the United States by May 8, 1996.

5

The Board also declined to reopen proceedings *sua sponte*, see Matter of J-J-, 21 I. & N. Dec. 976 (BIA 1997), noting that Cuellar had obtained "additional equities" as a result of overstaying the voluntary departure period. A.R. 4.

Cuellar petitions for review of the Board's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b)(1) to review the Board's November 14, 2011 decision. In her brief, Cuellar argues that her proceedings should be reopened "on the grounds that the adverse consequences" of failing to depart within the voluntary departure period "attach only if the Immigration Judge provides certain oral warnings, where the record establishes that only written warnings were provided…." See Petitioner's Brief, at 2. Cuellar argued that, pursuant to former 8 U.S.C. § 1252b(e)(2), the issuance of written warnings alone does not disqualify an alien from receiving immigration benefits, see id. at 12, 15, and she cited Barker v. Ashcroft, 382 F.3d 313, 316 (3d Cir. 2003), where, we note, the alien argued that a general warning about losing the right to apply for certain immigration benefits and a general statement about what constitutes exceptional circumstances, is insufficient. See Petitioner's Brief, at 15-16. The Department of Homeland Security argues that we lack jurisdiction over this argument because Cuellar failed to exhaust her administrative remedies with respect to it.

We will deny the petition for review. An alien must exhaust all administrative remedies available to her as a prerequisite to raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). Failure to present an issue to the agency constitutes a failure to exhaust, thus depriving us of jurisdiction to consider it. See Lin v. Att'y Gen. of the U.S., 543 F.3d 114, 119-20 (3d

6

Cir. 2008). Exhaustion of administrative remedies is satisfied so long as the alien makes some effort to place the agency on notice of a straightforward issue, see Joseph v. Att'y Gen. of the U.S., 465 F.3d 123, 126 (3d Cir. 2006), and we have commented that our "exhaustion policy" is "liberal," id., but Cuellar concedes that she did not present the argument to the agency that she did not receive the warning concerning the five-year adjustment of status disqualification *orally*. See Petitioner's Brief, at 12, 15.

In Barker, we held that the alien failed to raise her issue that she did not receive adequate or sufficient oral notice of the consequences of failing to depart voluntarily, and that her failure to raise the issue before the agency barred our consideration of this issue. 382 F.3d at 317. Barker applies here and cannot be distinguished, because Cuellar argued before the Board only that her pregnancy and desire for prenatal care was a compelling circumstance beyond her control. She raised no issue before the agency that the warnings she received were insufficient under former section 1252b(e)(2) because they were not oral. Accordingly, her failure to raise the issue before the agency bars our consideration of this issue. Barker, 382 F.3d at 317.[2]

In any event, the failure to give oral warnings regarding the adjustment of status disqualification would not exempt a subsequent motion to reopen from the timeliness requirement, see 8 C.F.R. § 1003.23(b)(4)(i)-(iv), just as the Board held. Cuellar argued

---

[2] Having failed to squarely present the oral warnings issue to the Board, Cuellar gave the Board no opportunity or reason to point out that the Immigration Judge's 1995 order includes not only written warnings about the five-year adjustment of status disqualification, but also this statement, just above the Immigration Judge's signature: "This written notice was provided to the alien in English and in Spanish. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands." A.R. 121.

7

before the Board that the time limitation for motions to reopen should not apply to her because she showed exceptional circumstances for failing to depart during the voluntary departure period. We review the Board's denial of a motion to reopen for abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this standard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An abuse of discretion is found only "in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Shardar v. Att'y Gen. of the U.S., 503 F.3d 308, 316 (3d Cir. 2007)(quoting Zhao v. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001)).

The Board did not abuse its discretion in concluding that Cuellar's motion to reopen was untimely filed and that no statutory or regulatory exceptions applied to excuse the untimeliness. A motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 C.F.R. 1003.23(b)(1). See also 8 U.S.C. § 1229a(c)(7)(C)(i). Cuellar thus had until September 30, 1996 in which to file a timely motion to reopen and raise her argument that her deportation proceedings should be reopened in order for her to pursue adjustment of status, because her failure to depart was due to compelling circumstances beyond her

8

control, that is her pregnancy and need for prenatal care. She plainly failed to file her motion to reopen by the deadline.

An untimely motion to reopen may be considered in certain limited circumstances: (1) where the alien seeks to apply or reapply for asylum or withholding of removal based on changed country conditions; (2) where the alien seeks recission of an *in absentia* order of removal; or (3) where the motion has been jointly filed and agreed upon by all parties. 8 C.F.R. § 1003.23(b)(4)(i)-(iv). See also 8 U.S.C. §§1229a(c)(7)(C)(ii)-(iii). The Board properly concluded that none of the statutory and regulatory exemptions applies in Cuellar's case,[3] and properly pointed out that eligibility for adjustment of status is not among the statutory or regulatory exemptions. See Matter of Yauri, 25 I. & N. Dec. 103, 105 (BIA 2009). Moreover, although the Board has the authority to reopen proceedings *sua sponte*, see 8 C.F.R. § 1003.23(a), its decision not to exercise its discretion, where, as here, it did not rely on an incorrect legal premise, is unreviewable. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). See also Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 160 (3d Cir. 2011).

For the foregoing reasons, we will deny the petition for review.

---

[3] The statute also provides special rules for battered spouses, children and parents, see id. at § 1229a(c)(7)(C)(iv).

9