

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# Fang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2220

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2220

———

HONG FANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———

Petition for Review of an Order
of the Board of Immigration Appeals
No. A78-066-348
Immigration Judge: Craig DeBernardis

———

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, Circuit Judges.

(Filed July 31, 2007)

ALDISERT, <u>Circuit Judge</u>.

Hong Fang, a native and citizen of the People's Republic of China, petitions for review of a final order of the Board of Immigration Appeals ("BIA" or "Board"). Fang contends that the Board abused its discretion in denying her untimely-filed motion to reopen. We conclude that Fang's argument lacks merit and, accordingly, we will deny the Petition.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will only briefly revisit them here. Fang, a 28-year-old Chinese national, illegally entered the United States on October 20, 1999. On March 23, 2001, she filed an application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), arguing that she faced persecution under China's family planning policies. After a short hearing, an Immigration Judge ("IJ") found Petitioner's testimony implausible and denied her application on all grounds. Fang then appealed to the BIA.

On July 11, 2002, with her appeal to the BIA still pending, Fang married a lawful permanent resident. On account of the marriage, Fang became eligible for legal status in

the United States and, accordingly, she filed a motion to remand the removal proceedings. On October 15, 2002, the BIA denied the motion to remand for lack of "clear and convincing evidence indicating a strong likelihood that the marriage is bona fide." App. 7. The Board simultaneously affirmed the IJ's decision to deny the application for asylum, withholding of removal, and protection under CAT.

More than three years later, Fang moved to reopen her removal proceedings on the ground that her husband had become a naturalized U.S. citizen. Fang argued that "the marriage between the parties is bona fide" and that the BIA should reopen her case because she "has an immediate immigration benefit available to her." App. 5. The Board denied the Motion as untimely. It noted that any such motion had to be filed within 90 days of the date of its final order. Fang now petitions this Court to review the BIA's decision. We have jurisdiction to hear the Petition under 8 U.S.C. § 1252. See Cruz v. Attorney General of the United States, 452 F.3d 240, 246 (3d Cir. 2006).

**II.**

We begin our analysis with a brief discussion of the appropriate scope and standard of review. We review the Board's decision to deny a motion to reopen under the highly deferential "abuse of discretion" standard. INS v. Abudu, 485 U.S. 94, 105 (1988); Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's determination "will not be disturbed unless [it] is found to be arbitrary, irrational, or contrary to law." Guo, 386 F.3d at 562.

**III.**

Fang argues that the BIA gave no rational explanation for its decision to deny her Motion to Reopen. This argument is utterly devoid of merit. The BIA's order states, plainly, that it denied Fang's motion because it was filed "out of time." App. 3. The Board's actions are well supported by the law. Motions to reopen must be filed no later than 90 days after the BIA renders its final administrative decision. See 8 C.F.R. § 3.2(b)-(c). In this case the Board's final order affirming the decision of the Immigration Judge was entered on October 15, 2002. Petitioner did not file her motion until February 8, 2006, more than three years after that deadline. Accordingly, we cannot say that the BIA committed an abuse of discretion by denying Fang's motion to reopen. See, e.g., Barker v. Ashcroft, 382 F.3d 313, 315-316 (3d Cir. 2003) (holding that the BIA retains discretion in applying statutory deadlines, and its denial of petitioner's untimely motion was in no way arbitrary, irrational or contrary to law).

**IV.**

Fang argues, however, that the untimeliness determination is not the end of the road for her Petition. Subsection 3.2(a) of the Regulations allows the BIA to reopen a case at any time. It provides:

> (a) . . . The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the

4

> Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

Id. The BIA has established that it will consider reopening a case with its sua sponte authority in "exceptional situations." In re J-J-, 21 I. & N. Dec. 976 (BIA 1997). Fang complains that the Board should have used these sua sponte powers to grant her motion to reopen.

In response, the government contends that we do not have jurisdiction to hear Petitioner's argument on this issue because she did not raise it before the BIA. We agree. As a general rule, an alien must exhaust all of her administrative remedies before raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). To exhaust a claim, an alien must first raise the issue before the BIA, Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989), so as to give the Board "the opportunity to resolve a controversy or correct its own errors before judicial intervention." Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004). This principle applies to parties seeking review of the BIA's failure to grant sua sponte relief pursuant to § 3.2(a). See Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001) (holding that "a party that seeks to challenge on appeal the failure to act sua sponte must sufficiently raise the issue in the first instance before the agency"); Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999) (finding that an alien failed to exhaust her administrative remedies when she did not ask the Board to invoke its sua sponte authority in her motion to reopen).

5

After a thorough search of the record, we find no evidence that Fang presented the BIA with any argument that exceptional circumstances warranted the exercise of the BIA's power under § 3.2(a). Nowhere in her February 6, 2006 Motion to Reopen did she mention sua sponte review or anything that may be construed as asking for sua sponte relief. Accordingly, we lack jurisdiction to consider the issue on appeal.

\* \* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the Petition for Review will be denied.

6