**HONG FANG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**No. 08–3729.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 16, 2010.

Opinion filed Oct. 7, 2010.

See also, 241 Fed.Appx. 903.

Thomas V. Massucci, Esq., New York, NY, for Petitioner.

Edward J. Duffy, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

In October 2002, the Board of Immigration Appeals ("BIA") affirmed the decision of an Immigration Judge ("IJ") to deny Hong Fang's application for asylum, withholding of removal, and relief under the Convention Against Torture. In February 2006, Fang submitted a motion to the BIA to reopen the removal proceedings, which the BIA denied as untimely. We denied Fang's subsequent petition for review. *See Fang v. Attorney Gen. of the United States,* 241 Fed.Appx. 903 (3d Cir.2007).

In January 2008, Fang returned to the BIA with another motion to reopen. She asked that removal proceedings be terminated, closed, or continued so that United States Citizenship and Immigration Ser-

vices could adjudicate her application to adjust her status to a lawful permanent resident based on her marriage to a United States citizen. The BIA denied Fang's motion. The BIA concluded that Fang's motion was time– and number-barred and also declined to reopen the matter *sua sponte*, holding that Fang had not shown an exceptional situation to merit reopening as a matter of discretion.

Fang presents a petition for review.[1] In her short *pro se* brief, she argues generally that the BIA abused its discretion in denying her motion to reopen. She explains that the BIA cited the number and time limitations and states that the BIA erroneously concluded that she failed to demonstrate an exceptional situation that would warrant *sua sponte* reopening. Fang argues that she has shown that her situation is exceptional and warrants *sua sponte* reopening. The Government responds that we lack jurisdiction to review the BIA's decision to decline to exercise its *sua sponte* authority to reopen. In the alternative, the Government asks us to dismiss as moot Fang's claim that the BIA abused its discretion in denying Fang's second motion to reopen.

■ We agree with the Government that the BIA's decision to decline to reopen Fang's proceedings *sua sponte* is a discretionary decision beyond our jurisdiction. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir.2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")

■ To the extent that Fang presents an issue beyond a claim relating to the

BIA's discretionary decision, we also must dismiss the petition as moot because there is no longer a live controversy. "The existence of a case and controversy is a prerequisite to all federal actions." *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322 (3d Cir.1998) (citation omitted). A live controversy is "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir.1987). The central question in the mootness analysis is whether meaningful or effective relief remains available. *See id.* at 916. In this case, we cannot say that it does. Fang sought reopening to terminate, close, or continue the removal proceedings pending the adjudication of her application to adjust her status. As Fang previously notified us, her adjustment application was denied in October 2009. Even if we were to remand this matter to the BIA, the remand would give her no relief because her reason for reopening, namely for "termination, administrative closure or simply a continuance, for a period of time long enough for the USCIS to adjudicate the adjustment application" R. 15–16, no longer exists.

For these reasons, we will dismiss Fang's petition for review.

---

1. On Fang's motion, we held her case in abeyance pending a decision on her application for adjustment of status. The parties briefed the case after Fang notified us that her application had been denied.